**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
: 
ADVANCE MAGAZINE PUBLISHERS INC. :
d/b/a CONDÉ NAST, :
 :
                    Plaintiff, : No. _____
 :
       -against- :
 :
 : **[PROPOSED] TEMPORARY**
AUBREY DRAKE GRAHAM p/k/a DRAKE, : **RESTRAINING ORDER AND ORDER**
SHÉYAA BIN ABRAHAM-JOSEPH p/k/a : **TO SHOW CAUSE FOR**
21 SAVAGE, and HILTZIK STRATEGIES, LLC, : **PRELIMINARY INJUNCTION**
 :
                    Defendants. :
 :
-----------------------------------------------------------X

       The Court having considered the facts set forth in the Complaint, the Memorandum of Law in Support of Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast's ("Condé Nast") Application for a Temporary Restraining Order and Preliminary Injunction, the accompanying Declaration of Christiane Mack with exhibits thereto, the accompanying Declaration of Christopher Donnellan with exhibits thereto, the accompanying Declaration of Wook Hwang with exhibits thereto, and other evidence submitted therewith; and

       This matter having come before the Court on the Application of Condé Nast for a temporary restraining order ("TRO") and preliminary injunction pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125(a) and 1125(c), N.Y. Gen. Bus. Law §§ 349 and 350, N.Y. Gen. Bus. Law §§ 360-k and 360-m, Rule 65 of the Federal Rules of Civil Procedure, and this Court's inherent equitable authority; and

The Court having found from the specific facts set forth in the above-mentioned materials sufficient proof that:

1. Condé Nast owns valid and incontestable U.S. registrations for trademarks comprised of the word "Vogue" and/or its well-known logo, including Reg. Nos. 0,069,530, 0,125,542, 0,504,006, 1,336,659, 2,592,452, 3,069,976, 4,138,408, 4,964,883, 4,964,884, 5,915,018, 6,324,126, and many others (collectively, the "VOGUE Mark").

2. Without Condé Nast's authorization, Defendants Aubrey Drake Graham p/k/a Drake ("Drake"), Shéyaa Bin Abraham-Joseph p/k/a 21 Savage ("21 Savage") and Hiltzik Strategies, LLC ("Hiltzik Strategies"), and those acting in concert with them, have created and disseminated images of a counterfeit cover of *Vogue* magazine featuring the VOGUE Mark and an image of Drake and 21 Savage (the "Counterfeit Cover"), as well as copies of a counterfeit magazine purporting to be a genuine issue of *Vogue* magazine (the "Counterfeit Magazine").

3. Without Condé Nast's authorization, Defendants and those acting in concert with them have distributed and disseminated the Counterfeit Cover and the Counterfeit Magazine to the general public, including by posting the images of the Counterfeit Cover to social media, posting physical posters of the Counterfeit Cover, and by distributing copies of the Counterfeit Magazine in New York and other metropolitan areas across North America.

4. Condé Nast has a likelihood of success on its claims for federal and common law trademark infringement, false designation of origin and unfair competition, false endorsement, dilution, false advertising, and violation of N.Y. Gen. Bus. Law §§ 349 and 350, N.Y. Gen. Bus. Law §§ 360-k and 360-m. Among other things, Defendants' actions are confusing consumers about the origin, sponsorship, or approval of the Counterfeit Cover and Counterfeit Magazine; misleading consumers to believe that these are genuine and authentic materials associated with

Condé Nast and *Vogue* magazine; deceiving the public into believing that Condé Nast and *Vogue* are associated with and endorse the Counterfeit Cover and Counterfeit Magazine; diluting the ability of the VOGUE Mark to serve as a unique identifier of Condé Nast's goods and impairing the distinctiveness of the VOGUE Mark.

5. Condé Nast has been irreparably harmed by virtue of the above.

6. Issuance of the requested temporary restraining order is in the public interest to protect the public against confusion, deception, and mistake.

7. The harm to Condé Nast in denying this Application outweighs the harm to Defendants in granting it.

8. A temporary restraining order is necessary to achieve the purpose of the Lanham Act and the other statutory and common law rights under which Condé Nast's claims arise, to protect the public from confusion, deception, and mistake, and to protect Condé Nast from immediate irreparable injury. No other order is adequate to achieve this purpose.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT** pending the hearing and determination of Condé Nast's application for a preliminary injunction, Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendants or any of the foregoing individuals, who receive notice directly or otherwise (collectively, the "Restrained Parties") are hereby:

1. Enjoined and restrained from using, displaying, disseminating, or distributing copies or images of the Counterfeit Magazine or Counterfeit Cover;

2. Enjoined and restrained from using, displaying, disseminating, or distributing the VOGUE Mark, or any mark that is confusingly similar to, or a derivation or colorable imitation

of, the VOGUE Mark (collectively, the "Prohibited Marks"), for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*;

3. Enjoined and restrained from using, displaying, disseminating, or distributing the name, image or likeness of Anna Wintour, *Vogue*'s Editor-in-Chief, for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*;

4. Enjoined and restrained from making, using, displaying, disseminating, or distributing false or misleading statements or misrepresentations concerning the Counterfeit Magazine, the Counterfeit Cover and/or Drake and 21 Savage's participation or appearance in *Vogue* magazine;

5. Enjoined and restrained from instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs and/or taking any action that contributes to any of the activities referred to in the above subparagraphs;

6. Directed to take down and remove all existing Internet and social media posts on all websites and social media accounts (including, without limitation, Instagram, Twitter, TikTok, and Facebook, and any functionality available on those sites or through their associated apps) within the Restrained Parties' ownership, control, or direction, which contain or reflect (i) any depictions of or references to the Counterfeit Magazine and/or the Counterfeit Cover, (ii) any use of the Prohibited Marks for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*, (iii) any use of Ms. Wintour's name, image or likeness for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*, and/or (iv) any false or misleading statements or misrepresentations concerning the

4

Counterfeit Magazine, the Counterfeit Cover and/or Drake and 21 Savage's participation or appearance in *Vogue* magazine;

7. Directed to take down and remove from public display and circulation all existing physical print posters, in all locations, depicting the Counterfeit Cover that were displayed or circulated by or at the direction of the Restrained Parties; and

8. Directed to remove from public display and circulation all existing physical copies of the Counterfeit Magazine, in all locations, that were displayed or circulated by or at the direction the of Restrained Parties.

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

**IT IS FURTHER HEREBY ORDERED THAT** Defendants, or their counsel, appear before this Court, at the United States Courthouse located at 500 Pearl Street, Courtroom _____, in New York, New York on _____, 2022 at _____ a.m./p.m, to show cause why, pursuant to Fed. R. Civ. P. 65, Condé Nast should not be granted a preliminary injunction extending the terms of the temporary restraining order granted herein and set forth above during the pendency of this action.

## SERVICE

**IT IS FURTHER ORDERED THAT** delivery or transmission of this Application and all supporting papers to Defendants, or their counsel, by email, Federal Express, or hand delivery be made on or before _____, 2022 by ____ a.m./p.m., and shall be deemed sufficient service upon them.

**IT IS FURTHER ORDERED THAT** Defendants shall electronically file, via the Court's Electronic Case Filing (ECF) system, all answering papers, if any, on or before

_____, 2022 by \_\_\_\_a.m./p.m., and that Condé Nast shall electronically file all reply papers, if any, on or before _____, 2022 by \_\_\_\_a.m./p.m.

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the injunctive relief provided in this Order. Defendants are hereby further notified that Defendants shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendants in violation of any of its terms may be considered and prosecuted as contempt of the Court.

Dated: New York, New York
      November \_\_\_\_, 2022

                      ENTERED:

                      By:_____

                      UNITED STATES DISTRICT JUDGE

23110377