UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. D/B/A CONDÉ NAST,<br><br>Plaintiff,<br><br>-against-<br><br>AUBREY DRAKE GRAHAM p/k/a DRAKE, SHÉYAA BIN ABRAHAM-JOSEPH p/k/a 21 SAVAGE, and HILTZIK STRATEGIES, LLC,<br><br>Defendants. | Civ. Action No. 1:22-cv-09517 |

## PRELIMINARY INJUNCTION ON CONSENT

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties hereto, by their respective counsel, as follows:

**WHEREAS,** plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Condé Nast"), has filed suit alleging claims for federal and common law trademark infringement, false designation of origin and unfair competition, dilution, false advertising, and violation of N.Y. Gen. Bus. Law §§ 349 and 350, N.Y. Gen. Bus. Law §§ 360-k and 360-m, arising from the alleged creation and dissemination of images, copies, statements and misrepresentations depicting and/or concerning a counterfeit cover of *Vogue* magazine featuring Drake and 21 Savage (the "Cover") and a counterfeit magazine purporting to be a genuine issue of *Vogue* magazine (the "Magazine") by defendants Aubrey Drake Graham (p/k/a "Drake") and Shéyaa Bin Abraham-Joseph (p/k/a "21 Savage") and Hiltzik Strategies, LLC ("Hiltzik") (collectively "Defendants");

**WHEREAS,** plaintiff moved by Order to Show Cause, filed on November 7, 2022, for a preliminary injunction and temporary restraining order ("TRO"), pursuant to Fed. R. Civ. P. 65, enjoining Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all

23139536

other persons who are in active concert or participation with Defendants or any of the foregoing individuals, who receive notice directly or indirectly (collectively, the "Restrained Parties") from certain acts and practices more fully described therein;

**WHEREAS,** on November 9, 2022, the Court granted the TRO based on the findings set forth therein, and set a hearing on November 22, 2022 at which Defendants are directed to show cause why a Preliminary Injunction should not be granted extending the terms of the TRO during the pendency of this action;

**WHEREAS,** to avoid unnecessary cost and expense, Defendants, pending the outcome of this litigation, but without conceding any liability with respect to the claims asserted by Condé Nast in this action, and without conceding any wrongdoing on their part, consent to the preliminary injunction sought by Condé Nast, notwithstanding that Defendants have heretofore represented, and now represent, that, following the commencement of this action, the Restrained Parties have already voluntarily ceased and desisted from the activities described below;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1.	This Court has jurisdiction over the subject matter herein and has personal jurisdiction over Defendants.

2.	Condé Nast owns valid U.S. registrations for trademarks comprised of the word "Vogue" and/or its well-known logo, including Reg. Nos. 0,069,530, 0,125,542, 0,504,006, 1,336,659, 2,592,452, 3,069,976, 4,138,408, 4,964,883, 4,964,884, 5,915,018, and 6,324,126 (collectively, the "VOGUE Mark"), certain of which are incontestable.

3.	Without Condé Nast's authorization, Defendants Drake and 21 Savage and those acting in concert with them have created, distributed and disseminated the Cover and Magazine to the general public, including by posting the images of the Cover to social media, posting physical

posters of the Cover, and by distributing copies of the Magazine in New York and other metropolitan areas across North America.

**WHEREFORE, THE COURT ADJUDGES AND ORDERS THAT:**

1. **IT IS HEREBY ORDERED THAT** pending the resolution of this action, Defendants and all other Retrained Parties are hereby:

   a. Enjoined and restrained from using, displaying, disseminating, or distributing copies or images of the Cover and Magazine;

   b. Enjoined and restrained from using, displaying, disseminating, or distributing the VOGUE Mark, or any mark that is confusingly similar to, or a derivation or colorable imitation of, the VOGUE Mark (collectively, the "Prohibited Marks"), for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*;

   c. Enjoined and restrained from using, displaying, disseminating, or distributing the name, image or likeness of Anna Wintour, Vogue's Editor-in-Chief, for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*;

   d. Enjoined and restrained from making, using, displaying, disseminating, or distributing the false or misleading statements or misrepresentations concerning the Magazine, the Cover and/or Drake and 21 Savage's participation or appearance in *Vogue* magazine;

   e. Enjoined and restrained from instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs and/or taking any action

that contributes to any of the activities referred to in the above subparagraphs;

f.    Directed to take down and remove all existing Internet and social media posts on all websites and social media accounts (including, without limitation, Instagram, Twitter, TikTok, and Facebook, and any functionality available on those sites or through their associated apps) within the Restrained Parties' ownership, control, or direction, which contain or reflect (i) any depictions of or references to the Cover and/or the Magazine, (ii) any use of the Prohibited Marks for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*, (iii) any use of Ms. Wintour's name, image or likeness for commercial purposes, including, without limitation, to advertise, market, or promote the album *Her Loss*, and/or (iv) any false or misleading statements or misrepresentations concerning the Magazine, the Cover and/or Drake and 21 Savage's participation or appearance in *Vogue* magazine;

g.    Directed to take down and remove from public display and circulation all existing physical print posters, in all locations, depicting the Cover that were displayed or circulated by or at the direction of the Restrained Parties; and

h.    Directed to remove from public display and circulation all existing physical copies of the Magazine, in all locations, that were displayed or circulated by or at the direction the of Restrained Parties.

2.    For the avoidance of doubt, the foregoing injunction shall not apply to anyone other than Defendants and the Restrained Parties.

3.    The undertaking in the amount of $10,000 dated November 9, 2022 and entered on
November 14, 2022 (DE 25) shall be deemed sufficient to secure the TRO and this preliminary
injunction.

IT IS SO ORDERED and ADJUDICATED, this 17ᵗʰ day of November 2022.

_____
United States District Court Judge

**CONSENTED TO:**

Counsel for Plaintiff Advance
Magazine Publishers Inc.
d/b/a Condé Nast:

_____
LOEB & LOEB LLP
Wook Hwang, Esq.
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4035

Counsel for Defendants Aubrey Graham
p/k/a Drake and Shéyaa Bin
Abraham-Joseph p/k/a 21 Savage:

_____
MELONI & McCAFFREY, A.P.C.
Robert S. Meloni, Esq.
3 Columbus Circle, 15ᵗʰ Floor
New York, New York 10019
Tel: (917) 331-9556

Counsel for Defendant Hiltzik
Strategies LLC:

_____
FOLEY & LARDNER LLP
Andrew L. Lee, Esq.
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474