UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÉ NAST,<br><br>          Plaintiff,<br><br>-against –<br><br>AUBREY DRAKE GRAHAM p/k/a DRAKE, SHÉYAA BIN ABRAHAM-JOSEPH p/k/a 21 SAVAGE, and HILTZIK STRATEGIES, LLC,<br><br>          Defendants. | Case No. 1:22-cv-09517-JSR<br><br>**PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

  The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

  ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any party to this litigation or non-party producing any given Discovery Material shall have the right to designate as "Confidential" and subject to this Order any non-public information, document, or thing, or portion of any document or thing that contains:

   (a) proprietary information;

   (b) competitively sensitive technical information;

   (c) competitively sensitive product development information;

   (d) financial information;

   (e) business plan or sales information;

   (f) other confidential business information;

   (g) information relating to ownership or control of any non-public company;

   (h) information of a personal or intimate nature;

   (i) information received in confidence from third parties; or

   (j) any other category of information given confidential status by the Court

(subsections (a)-(j) above and together being hereinafter, the "Confidential Information").

Any party to this litigation who produces, discloses, or receives in this litigation any Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark the same—or where impractical to label via a cover letter—with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any party to this litigation or non-party producing any given Discovery Material shall have the right to designate as "Highly Confidential," and subject to this Order, any non-public information, document, or thing, or portion of any document or thing that contains:

   (a) trade secrets;

(b) highly confidential research, development, brand development and strategy, or other highly sensitive commercial information;

(c) other information the disclosure of which is likely to cause harm to the competitive position of the designating party, entities in which the designating party has an interest, or entities from which the designating party has obtained the information; or

(d) other information that the designating party in good faith believes would create a substantial risk of serious financial or other injury if disclosed to another party or non-party, and that such risk cannot be avoided by less restrictive means

(subsections (a)-(d) above and together being hereinafter, the "Highly Confidential Information").

Any party to this litigation who produces, discloses, or receives in this litigation any Highly Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall be entitled to mark or designate the same—or where impractical to label via a cover letter—with the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Highly Confidential").

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential or Highly Confidential by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the Confidential or Highly Confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the

transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   (a) the parties to this action;

   (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

- (a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

- (b) the parties' in-house counsel who have no responsibilities or involvement in any editorial or creative processes, content creation or news dissemination, or publicity other than in a legal advice-rendering capacity;

- (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

- (d) any witness who counsel for a party in good faith believes may be called to testify at trial and/or has been noticed or subpoenaed for deposition in this action, solely with respect to information designated Highly Confidential that counsel for a party in good faith believes is relevant to the subject matter of such person's knowledge or testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

- (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

- (f) stenographers engaged to transcribe depositions conducted in this action; and

- (g) the Court and its support personnel.

8. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e), 7(d) or 7(e) above, such person shall be provided by

counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or

Highly Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
January 20, 2023

LOEB & LOEB LLP

By: /s/ Frank D'Angelo
Wook Hwang
Frank D'Angelo
Mary Jean Kim
David Forrest
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000

*Attorneys for Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast*

PRYOR CASHMAN LLP

By: /s/ William L. Charron

William L. Charron, Esq.
Lazar Sterling-Jackson, Esq.

7 Times Square
New York, New York 10036
wcharron@pryorcashman.com
lsterling-jackson@pryorcashman.com
Tel: (212) 421-4100

-and-

RUSS AUGUST & KABAT

By: */s/ Stanton L. Stein*
Stanton L. Stein (*pro hac vice*)
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
lstein@raklaw.com
Tel: (310) 826-7474

*Attorneys for Defendant Aubrey Drake Graham p/k/a Drake*

VENABLE LLP

By: */s/J. Douglas Baldridge*
J. Douglas Baldridge, Esq.
Maria R. Sinatra, Esq.
600 Massachusetts Avenue, NW
Washington, DC 20001
jbaldridge@venable.com
mrsinatra@venable.com
Tel: (202) 344-4703

*Attorneys for Defendant Shéyaa Bin Abraham-Joseph p/k/a 21 Savage*

FOLEY & LARDNER LLP

By: */s/ Andrew L. Lee*
Andrew L. Lee
90 Park Ave.
New York, NY 10016
andylee@foley.com
Tel: (212) 687-7474

*Attorneys for Defendant Hiltzik Strategies LLC*

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         1/30/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC. d/b/a CONDÈ NAST,<br><br>Plaintiff,<br><br>-against –<br><br>AUBREY DRAKE GRAHAM p/k/a DRAKE, SHÈYAA BIN ABRAHAM-JOSEPH p/k/a 21 SAVAGE, and HILTZIK STRATEGIES, LLC,<br><br>Defendants. | Case No. 1:22-cv-09517-JSR<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____